UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MARIO GUIOMAR RAMOS, :
:
    Plaintiff :
:
  v. : CIVIL NO. 4:CV-06-2413
:
LT. MIKE CUMMINGS, ET AL., :
: (Judge McClure)
:
    Defendants :

## MEMORANDUM

December 20, 2006

**Background**

    Mario Guiomar Ramos ("Plaintiff"), an inmate presently confined at the State Correctional Institution, Coal Township, Pennsylvania ("SCI-Coal Twp."), filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. His complaint is accompanied by an in forma pauperis application.[1] For the reasons set forth below, Ramos' action will be dismissed, without prejudice, as legally frivolous

---

[1] Ramos completed this Court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account. The Court then issued an Administrative Order directing the warden of SCI-Coal Twp. to commence deducting the full filing fee from Plaintiff's prison trust fund account.

under 28 U.S.C. § 1915.

Named as Defendants are: Lieutenant Mike Cummings of the Doylestown, Pennsylvania Police Department; Lieutenant Jim Murphy of the Bensalem, Pennsylvania Police Department; Sergeant Matt Dryer of the Hilltown, Pennsylvania Police Department; Assistant District Attorney Craig Penglase and District Attorney Gary Gambardella of the Bucks County, Pennsylvania District Attorney's Office; and Bucks County Public Defender Suzette Adler.

Ramos states that he was arrested by Defendants Cummings, Murphy and Dryer "without a proper warrant" on October 24, 2002. Record document no. 1, Statement of Claim, ¶ 1. His complaint next asserts that Defendants Penglase and Gambardella subjected him to an unconstitutional criminal prosecution "without a true indictment." Id. at ¶ 2. Plaintiff also contends that Defendant Adler provided him with ineffective assistance of counsel. He raises additional constitutional challenges to the legality of his Bucks County criminal conviction which apparently took place on April 29, 2003. As relief, Ramos seeks injunctive relief, including his immediate release. See id. at ¶ 12. Plaintiff also requests an award of monetary damages.

**Discussion**

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis. § 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Consequently, federal courts reviewing civil rights complaints filed by persons wishing to proceed in forma pauperis may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).[2] In Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995), the Third Circuit added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial."  "The frivolousness

---

[2] Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

It is well-settled that inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1975). As detailed above, all of the Plaintiff's present allegations are unquestionably attacking the legality of his present incarceration which stems from his Bucks County criminal conviction. Consequently, under Preiser, Ramos may not challenge the legality of his Bucks County criminal prosecution via a § 1983 complaint.

The United States Court of Appeals for the Third Circuit has similarly recognized that civil rights claims seeking release from confinement sounded in habeas corpus. See Georgevich v. Strauss, 772 F.2d 1078, 1086 (3d Cir. 1985). In Edwards v. Balisok, 520 U.S. 641, 646 (1997), the United States Supreme Court concluded that a civil rights claim for declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a civil rights action. Id. at 646. Pursuant to Georgevich and Edwards, Plaintiff's present claims for injunctive relief, especially his request for

4

immediate release, are not properly raised in a civil rights complaint.

With respect to Plaintiff's request for monetary damages, in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the Plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." <u>Id</u>. at 486-87. Furthermore, based on the nature of Ramos' allegations, a finding in his favor would imply the invalidity and/or comprise the ongoing state criminal prosecution. <u>See</u> <u>Gibson v. Superintendent</u>, 411 F.3d 427, 449 (3d Cir. 2005); <u>Sanchez v. Gonzalez</u>, No. 05-2552, 2005 WL 2007008 *2 (D.N.J. Aug. 16, 2005).

Thus, Ramos' requests for monetary damages are premature under <u>Heck</u> and <u>Gibson</u> because his present cause of action for monetary damages must be deferred until his underlying state criminal conviction is rendered invalid. If Plaintiff is able to successfully challenge his Bucks County criminal prosecution, under <u>Heck,</u> he could reassert his claim for damages in a properly filed civil rights complaint. Since Plaintiff's complaint is "based on an indisputably meritless legal

5

theory" it will be dismissed, without prejudice, as legally frivolous.  <u>Wilson</u>, 878 F.2d at 774.  An appropriate Judgment will enter.


      <u>s/ James F. McClure, Jr.</u>
JAMES F. McCLURE
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MARIO GUIOMAR RAMOS,              :
                                  :
        Plaintiff                 :    CIVIL NO. 4:CV-06-2413
                                  :
   v.                             :
                                  :
                                  :    (Judge McClure)
LT. MIKE CUMMINGS, ET AL.,        :
                                  :
        Defendants                :

## **JUDGMENT**

December 20, 2006

In accordance with the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's complaint is dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(I).

2. The Clerk of Court is directed to close the case.[3]

---

[3] The dismissal of this action does not relieve Plaintiff of the obligation to pay the full filing fee.

3. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

    s/ James F. McClure, Jr.
JAMES F. McCLURE
United States District Judge